UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P57-R

LAVASSA V. ANDERSON                                                                PETITIONER

v.

CLARK TAYLOR, WARDEN                                                            RESPONDENT

MEMORANDUM OPINION

On March 22, 2010, Petitioner Lavassa V. Anderson filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On preliminary consideration of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concluded that the petition appeared to be time barred and directed Petitioner to show cause why the action should not be dismissed (DN 9). On review of Petitioner's response in conjunction with the petition, the Court concludes that the § 2254 petition is time barred and must be denied.

I.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute, § 2244(d), provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Here, the first circumstance applies, and the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A review of the petition and its attachments reveals that Petitioner entered a guilty plea to charges of complicity to murder, attempted murder, complicity to first-degree sodomy, first-degree sodomy, and first-degree robbery, and he was sentenced by the Christian Circuit Court on August 11, 1986, to "80 years w/life for 25 years before parole eligibility." He did not file an appeal. Petitioner's conviction thus became final on August 21, 1986, ten days after the trial court entered the judgment of conviction. *See* RCr 12.04 (1981).[1]

Because Petitioner's conviction became final prior to the passage of the AEDPA on April 24, 1996, "he had a one-year grace period, lasting until April 24, 1997, in which to file his habeas petition." *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003) (citing *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002)). "The one-year period of limitations is tolled by the amount of

---

[1]"RCr 12.04 was amended effective January 1, 1999, to allow 30 days for taking an appeal." *Commonwealth v. Opell*, 3. S.W.3d 747, 750 n.2 (Ky. App. 1999).

time that 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending' in state court." *Jurado v. Burt*, 337 F.3d at 640 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner advises, and attachments to the petition indicate, that he filed a state habeas corpus petition on an unspecified date in the Lyon Circuit Court; that the circuit court denied the petition on March 13, 2009; that the Kentucky Court of Appeals affirmed the circuit court on May 7, 2009; and that the Kentucky Supreme Court denied a motion for discretionary review on December 10, 2009. The state petition for writ of habeas corpus, presumably filed over a decade after the one-year grace period expired on April 24, 1997, did not restart or toll an already expired statute of limitations period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) ("A state court postconviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.") (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)).

On review of the Kentucky Court of Appeals and Supreme Court websites, the Court has discovered that Plaintiff previously filed a Ky. R. Civ. P. (CR) 60.02 motion in the Christian Circuit Court that was pending during the one-year grace period. Although the filing date of the CR 60.02 motion is unknown, the Kentucky Court of Appeals records reveal that the Christian Circuit Court denied the motion on February 12, 1997; that the Kentucky Court of Appeals

3

affirmed the denial by opinion rendered November 7, 1997; and that the Kentucky Supreme Court denied discretionary review on February 11, 1998. Because this motion was pending during the one-year grace period, the statute of limitations did not expire until February 11, 1999. Because Petitioner did not file any time tolling state-court motion or the instant § 2254 petition on or before February 11, 1999, the instant petition is untimely under the statute.

Because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling. *See Holland v. Florida*, -- U.S. --, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In response to the show-cause Order, Petitioner raises five arguments: (1) that he has exhausted all available state-court remedies; (2) that the state-court ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court; (3) that a "habeas Corpus is the only equitable remedy left to the Petitioner challenging the Constitutional Errors without limits of time . . . That the mere passage of time alone is not sufficient to constitute prejudice to the State; or Petitioner"; (4) "Seeing Petitioner has exhausted

4

normal time for filing a Habeas, there is a absence of any other State Corrective process or remedies available to the Petitioner, when an injustus has been comitted against him"; and (5) "In the Interest of Justice, Circumstances exist that render Petitioner's case although Extraordinary as it may seem ripe for this Honorable Court adjudication, in order to effectively protect the right of the applicant" (DN 15).

Here, in neither the petition nor the response to the Court's show-cause Order does Petitioner describe any extraordinary circumstance that stood in his way of timely filing the instant petition. He further fails to demonstrate that he has been pursuing his rights diligently. Petitioner has failed to present circumstances warranting equitable tolling.

Because the petition is untimely, the action must be dismissed.

## II.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and

5

the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:


cc: Petitioner, *pro se*
4413.005